IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDON LYONS AND ANGELA LYONS** | * * * | **CIVIL ACTION NO.:** |
| **VERSUS** | * * | **SECTION:** |
| **GEOVERA SPECIALTY INSURANCE COMPANY** | * * * | **JURY DEMAND** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come Complainants, Brandon Lyons and Angela Lyons (hereinafter "Complainants"), and file their Complaint against Defendant, GeoVera Specialty Insurance Company (hereinafter "GeoVera"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **BRANDON LYONS**, a person of the age of majority residing in Plaquemines Parish, Louisiana.

2. Made Plaintiff herein is **ANGELA LYONS,** a person of the age of majority residing in Plaquemines Parish, Louisiana.

3. Made Defendant herein is **GEOVERA SPECIALTY INSURANCE COMPANY,** a California insurance company authorized to do and doing business in the State of Louisiana and the Parish of Plaquemines, which may be served through the Louisiana Secretary of State.

### II. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainants reside in this District and the property that is subject to the dispute between Complainants and GeoVera is located in this District.

### III. RELEVANT FACTS

6. At all times relevant hereto, Complainants owned the property located at 5929 Highway 39, Braithwaite, LA 70040 (the "Property").

7. At all times relevant hereto, Defendant provided a policy of insurance, Policy Number GC90016215 (the "Policy") to Complainants which covered the Property against perils including hurricanes and provided the following coverages: $350,000 for Dwelling, $35,000 for Other Structures, $140,000 for Personal Property, and $70,000 for Loss of Use, *inter alia*.

8. On or around October 28, 2020, Hurricane Zeta caused significant damages to Complainants' Property.

9. Complainants promptly reported the loss to GeoVera, who assigned it claim number 2024230402 (the "Zeta Claim").

10. To date, GeoVera has failed to pay the full amount required under the Policy for covered damages resulting from Hurricane Zeta.

11. On or around August 29, 2021, Hurricane Ida caused new and worsening damages to the Property.

12. Complainants promptly reported the loss to GeoVera, who assigned it claim number 2124244946 (the "Ida Claim").

13. On or about September 8, 2021, Defendant inspected the Property and documented damages to the dwelling totaling $58,633.76, but after over-depreciating the loss and applying the Policy's $7,000 deductible, allowed Complainants only $44,938.97 for their substantial and covered losses.

14. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

15. Defendant then tendered proceeds on or around October 8, 2021.

16. Complainants were unable to make meaningful repairs to the Property with the meager proceeds allowed by Defendant.

17. After several months of failed attempts to recover adequate funds under the Policy, Complainants hired public adjuster, Charlie Fisher of Frontline Public Adjusting (hereinafter "Frontline"), to inspect the Property and create estimates of damages for both the Zeta Claim and the Ida Claim.

18. On or about March 18, 2022, Charlie Fisher inspected the Property and documented damages to the dwelling and other structures totaling $76,725.83 under the Zeta Claim and $297,904.52 under the Ida Claim.

19. On or about May 16, 2022, Mr. Fisher submitted both Frontline estimates to GeoVera.

20. The Frontline estimates constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

21. On or about May 18, 2022, Mr. Fisher, on behalf of Complainants, invoked appraisal under the Policy.

22. On or about June 28, 2022, GeoVera's appraiser inspected the Property and created a new estimate of damages encompassing both the Zeta Claim and Ida Claim.

23. On or about July 25, 2022, an Appraisal Award was signed by appraisers for both Complainants and GeoVera, awarding Complainants a total of $300,419.47 RCV ($271,574.58 ACV), subject to the policy deductible and prior claim payments.

24. As a result of Defendant's failure to timely compensate Complainants for their covered losses per the Appraisal Award, Complainants were forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

25. As the submission of the Frontline estimates constituted sufficient proof of loss under La. R.S. §§ 22:1892 and 22:1973, GeoVera had thirty (30) days to pay the amount of any claim due to Petition after its May 16, 2022 receipt of the Frontline estimates.

26. Instead, GeoVera failed to issue payment of any portion of the July 25, 2022 Appraisal Award prior to receiving notice on August 26, 2022 that Complainants had retained undersigned counsel.

27. On or about September 6, 2022, GeoVera issued payment of $140,164.52 to constitute payment of the Appraisal Award – over three months after receipt of the Frontline estimates, and well over thirty (30) days after the signing of the Appraisal Award.

28. Defendant's failure to comply with the terms of its own Policy caused significant delay to the repair of Complainants' Property.

29. As a result of GeoVera's delay and ultimately late payment of the Appraisal Award, Complainants were unable to repair the Property before material and labor costs skyrocketed.

30. Accordingly, Complainants cannot repair their Property with the now insufficient funds they eventually received.

31. Upon information and belief, Defendant's failure to timely compensate Complainants for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

32. Upon information and belief, Defendant purposely and/or negligently misrepresented to Complainants the terms and conditions of the Policy.

33. Upon information and belief, Defendant conducted the investigation and claims handling for Complainants' claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

34. Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

35. Complainants have incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

36. As soon as practicable, Complainants took steps to mitigate the damages to the Property at their expense to the best of their ability under the circumstances.

### III. CAUSES OF ACTION

#### A. Breach of Insurance Contract

37. Complainants reallege and re-aver the allegations contained in preceding paragraphs, above, as if restated herein.

38. An insurance contract, the Policy, exists between Complainants and Defendant.

39. The Policy provides coverages for perils including hurricanes.

40. Despite having received satisfactory proof of loss for damages caused by Hurricanes Zeta and Ida, Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

41. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of its own inspection, GeoVera breached the Policy.

42. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of its own inspection, GeoVera breached the Policy.

43. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the Frontline estimates and signed Appraisal Award, Defendant breached the Policy.

44. By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, Defendant breached the Policy.

45. By failing to conduct the claims handling for both the Zeta Claim and Ida Claim in good faith and with fair dealing, Defendant breached the Policy.

46. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendant breached the Policy.

47. By failing to include adequate overhead and profit in its estimates of damages, Defendant breached the Policy.

48. Complainants have suffered and continue to suffer damages as a result of these breaches of the Policy.

## B. Bad Faith

49. Complainants reallege and re-aver the allegations contained in the preceding paragraphs, above, as if restated herein.

50. The actions and/or inactions of Defendant in failing to timely and adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

51. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

52. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

53. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

54. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate payment in connection with their Zeta Claim and Ida Claim, despite having received satisfactory proof of loss following its own inspections of the Property.

55. Defendant's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

56. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

57. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time it received its own estimate was in bad faith.

58. Defendant's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

59. Defendant's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

60. Defendant's handling of Complainants' Zeta Claim and Ida Claim was in bad faith.

## IV. DAMAGES

61. Complainants reallege and re-aver the allegations contained in the preceding paragraph, above, as if restated herein.

62. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

   a. Diminution of the value of the Property;

   b. Actual repair costs;

   c. Reimbursement for personal repairs at the Property;

   d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

   e. Additional living expenses;

   f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:!973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

63. Complainants request a trial by jury.

**WHEREFORE,** Complainants, Brandon Lyons and Angela Lyons, pray that Defendant, GeoVera Specialty Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainants, Brandon Lyons and Angela Lyons, and against Defendant, GeoVera Specialty Insurance Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

*/s/ Gretchen Casey*

Galen M. Hair, La. Bar No. 32865
Gretchen Liljeberg Casey, La. Bar No. 40179
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
d/b/a INSURANCE CLAIM HQ
d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd. W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hairshunnarah.com
casey@hairshunnarah.com

**Please Serve:**

**GeoVera Specialty Insurance Company**
*Through its Registered Agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Ave.,
Baton Rouge, LA 70809